Nicholson, C. J.,
delivered the opinion of the Court,.
This bill was filed by the purchaser at execution sale, he being out of possession, against the possessor and others, claiming by subsequent attachment in equity.
Complainant seeks to remove the cloud from his title to a tract of land in Union County, by perpetually enjoining defendants from prosecuting their several attachment bills, in which they are seeking to subject the same *41 land to a satisfaction of their claims against John Robertson, who is alleged to have conveyed the land fraudulently to W. W. Gibbs, whose title complainant ' alleges he procured by an attachment proceeding in the Circuit Court of Knox County. The case turns upon the validity of complainant’s title procured by the sale of land under his attachment at law. He files in the record a transcript of his proceedings by attachment at law, and relics upon them for his title. It appears that he commenced suit by original summons and ancillary attachment. The summons was not executed on defendant, W. W. Gibbs; but the attachment was levied on his land in Union County; and upon this proceeding complainant obtained judgment, and had the land sold, and became the purchaser. If the Circuit Court had jurisdiction, he secured a valid title; if not, his title was invalid. The affidavit for the attachment is regular in all respects, except that it does not state the nature of his claim, or the nature of his suit by summons. The recitals in the writ of attachment are the same as the statements in the affidavit. After the levy of the attachment, an order of publication was made, which does not name William W. Gibbs as defendant; nor does it state the cause alleged for suing out the attachment.
Upon the authority of a long train of decisions by this Court, commencing with Thompson v. Carper, 11 Hum., 542, and continuing down to the present time, we hold that, on account of the defects in the affidavit, in the writ of attachment, and in the order of publica *42 tion, the Circuit Court acquired no jurisdiction of the person of ~W. W. Gibbs, and for that reason the title of complainant to the land is invalid and void.
On a motion to enter judgment for costs against the security for the prosecution of the suit below, the following opinion was delivered:
Complainant filed his bill, and entered into bond for the prosecution of the suit, with K. H. Harrison as his security. The condition of the bond is, that “H. C. Ogg shall prosecute with effect a bill in equity,,this day filed by him in the Chancery Court at Maynardsville, against A. L. Leinart and others, or in case of failure therein, shall well and truly pay and satisfy all costs and damages that may be decreed by said Chancery Court.
Upon the hearing in the Chancery Court complainant was successful, and there was a decree in his favor, and a decree for costs against defendants.
Defendants appealed to this Court, and gave security for costs, and upon hearing the decree of the Chancellor was reversed, and complainant’s bill dismissed with costs.
The question now presented is,, whether the costs of this Court, as well as of the Chancery Court, can be adjudged against complainant and his surety in the prosecution bond. It is said that the surety’s liability can not be extended beyond the terms of his obligation, and that by these terms, he was only liable in the event that his principal failed to prosecute his suit successfully in *43 the Chancery Court. It is true, that, by the language of his undertaking, the surety only bound himself to pay all costs and damages that might be decreed by the Chancery Court. In a Court of law, this position would be unanswerable. But in a Court of Chancery, costs may be adjudged against a successful party and his surety, in the discretion of the Chancellor. In that Court, a party becoming surety for costs, undertakes with reference to this discretionary power of the Chancellor, and is subject to its exercise, whether his principal succeeds or not. Allen v. Stevens, 2 Head, 251. As the appeal vacated the decree below, and empowered this Court to rehear the case, the question of costs may be adjudged here, in the discretion of the Court; and in the exercise of that discretion, the costs of this Court, as well as of the Court below, may be adjudged against the complainant and his surety.
This view of the power of this Court as to costs, is sustained by the Acts of 1859-60, c. 120, p. 109, in which it is enacted that in all cases of bonds for the prosecution of original suits, or by appeal, certiorari, or writ of error, or where there is security taken of record in any of the Courts of the State, or before a Justice of the Peace, the security shall undertake to pay all costs that may be at any time adjudged against his principal, in the event it is not paid by the principal; and that no omission or neglect to insert the proper conditions in any such bonds, shall vitiate or impair the validity of the same. It must be presumed that every surety to a prosecution bond, executes the same with a view to ■his liability, not only under his bond, but under the *44 law. In other words, the law becomes part of his contract, and imposes upon him the obligation to pay all costs that may be at any time adjudged against his principal; and no omission or neglect to insert the proper conditions in the bond, is to vitiate or impair the same. Under the provisions of this Act, as well as under the discretionary power of the Chancery Court, we hold that the costs in this case, of the Court below, and of this Court, are properly adjudged against the complainant and his surety.